# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION NO. 3:20-CR-004-S |
| JONATHAN PINEDA-DIAZ (10) | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant's Amended[1] Motion to Revoke Magistrate's Detention Order (the "Amended Motion") [ECF No. 142]. For the following reasons, the Court **DENIES** the Amended Motion.

### I.  BACKGROUND

Defendant Jonathan Pineda-Diaz ("Defendant") was discovered as part of an investigation into "a large-scale narcotics trafficking conspiracy," which involved "supplying methamphetamine [from Mexico] to the Dallas area and other areas . . . across the United States." Detention Hr'g Tr. 4:3-12, 5:2-10. During the investigation, the Government "obtain[ed] a series of Title III intercepts for wire and electronic communications," and intercepted communication from various individuals, including Defendant. *Id.* at 5:2-6:9. In fact, Defendant is allegedly recorded ordering two kilograms of methamphetamine, and was later observed consummating the transaction. *See id.* at 8:22-11:9. On January 22, 2020, Defendant was arrested based on an indictment charging him with Conspiracy to Possess with Intent to Distribute a Schedule II Controlled Substance and with Possession of a Firearm in Furtherance of a Drug Trafficking Crime. *See* Am. Mot. 1.

---

[1] Due to the filing of the Amended Motion to Revoke the Detention Order, the Court finds as moot the Motion to Revoke Magistrate's Detention Order [ECF No. 141].

Defendant appeared for a detention hearing before the United States Magistrate Judge (the "Magistrate Judge") on January 27, 2020, *see* ECF No. 75. In an order issued the same day as the detention hearing, the Magistrate Judge ordered Defendant detained pending trial, finding that Defendant failed to rebut the presumption that no condition will reasonably assure his appearance or the safety of the community. *See* Order of Detention Pending Trial ("Order") 2. The Magistrate Judge further found that, in the alternative, detention was warranted because the Government proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community, and by preponderance of evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required. *See id.* In further support of her detention order, the Magistrate Judge noted: the length of likely incarceration; Defendant's prior felonies; his participation in criminal activities while on probation, parole, or supervision; history of violence or use of weapons; history of alcohol or substance abuse; prior attempts to evade law enforcement; and prior violations of probation, parole, or supervised release. *See id.* at 2-3.

Defendant filed his initial Motion to Revoke the Detention Order on May 12, 2020, and filed the Amended Motion on May 14, 2020, which is now ripe and before the Court.

## II. ANALYSIS

### A. *Timeliness*

A defendant must seek review of a magistrate judge's detention order within fourteen days as prescribed by FED. R. CRIM. P. 59(a), or the "right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right." *United States v. Watts*, Crim. No. 3:09-CR-249-D (09), 2010 WL 11452009, at *1 (N.D. Tex. June 25, 2010) (citation omitted). In the present case, the Magistrate Judge issued the detention order on January 27, 2020, *see* Order 3, but Defendant did not seek review of the detention order until 106 days later—

2

May 12, 2020, *see* ECF No. 141. As Defendant did not file the Amended Motion within fourteen days of the pretrial detention order, Defendant waived his right to have the detention order reviewed by the Court. *See Watts*, 2010 WL 11452009, at *1. Consequently, the Court denies the Amended Motion.

### B. *Section 3142 Factors*

Even if Defendant timely sought review of the Magistrate Judge's Order, the Court would still deny Defendant's Amended Motion. "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (citation omitted). "[A] detention order may rest on a determination that no condition or combination of conditions will reasonably assure either the defendant's appearance *or* the safety of the community . . . ." *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). In general,[2] the Government bears the burden of showing by a preponderance of the evidence that the defendant is a flight risk, or "by clear and convincing evidence that 'no condition or combination of conditions will reasonably assure . . . the safety of any other person or the community.'" *See United States v. Acosta-Leyva*, 751 F. App'x 594, 595 (5th Cir. 2019) (quoting 18 U.S.C. § 3142(e)).

In determining whether the defendant's appearance or the community's safety can be reasonably assured, the district court must consider the following factors:

---

[2] In certain cases, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142. This rebuttable presumption shifts to the defendant "only the burden of producing rebutting evidence, not the burden of persuasion," *Hare*, 873 F.2d at 798, which the defendant meets by presenting "evidence tending to rebut the presumption," *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985). Even if the defendant presents rebutting evidence, however, the presumption still "remains in the case and is a factor to be considered." *Id.* The Court does not need to reach the issue of whether the rebuttable presumption applies in the present case, because the Government met its burden of proving clear and convincing evidence that pretrial detention is warranted even in its absence.

3

> (1) [T]he nature and circumstances of the offense charged, including whether the offense . . . involve[d] a . . . firearm . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The court is not required to find that all four factors support pretrial detention for the Court to order the defendant to be detained without bail. *See Acosta-Leyva*, 751 F. App'x at 596. In this case, the Court finds that the Government met its burden of proving, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community. Therefore, the Court affirms the Magistrate Judge's pretrial detention order.[3]

First, "the nature and circumstances of the offense charged" in this case favor pretrial detention because Defendant is charged with engaging in distribution of controlled substances. *See Rueben*, 974 F.2d at 586 (citing *Hare*, 873 F.2d at 798); *see also United States v. Morris*, 608 F. App'x 299, 300 (5th Cir. 2015) ("[T]he record supports a finding of danger to the community [because the Defendant] is charged with improperly distributing prescription drugs . . . ."). The evidence at the hearing showed that Defendant: (1) purchased multiple kilograms of methamphetamine, *see* Detention Hr'g Tr. 8:16-9:15, 15:16-16:24; (2) stored drugs in his home, *see id.* at 14:21-15:12, 40:1-2; (3) spoke in coded language, *see id.* at 9:10-18, 27:11-28:8,

---

[3] The Court further denies the Motion insofar as it requests for the detention hearing to be reopened under 18 U.S.C. § 3142(f)(2). *See* Mot. 3, 6-8. Section 3142(f)(2) allows the Court to reopen a detention hearing if "the [Court] finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of pretrial detention. A district court should deny a motion to reopen a detention hearing if the defendant attempts to introduce evidence that was available to him or her at the initial hearing and "provid[es] no indication of how the evidence was discovered or why it had been previously unavailable." *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009). In this case, Defendant failed to identify any new evidence he now intends to present, and failed to explain why the witnesses he now wishes to call were unavailable at the detention hearing. *See* Am. Mot. 6. Additionally, Defendant's generalized concerns about COVID-19, *see id.* at 6-8, do "not address either prong of the § 3142(f) analysis," *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (denying motion to reopen detention hearing), and are insufficient to warrant reopening the detention hearing, *see Martin*, 2020 WL 1274857, at *3. Regardless, the physician who allegedly authored the note attached to Defendant's Amended Motion denies having ever written or signed it. *See* Resp. Ex. 1 (further noting that the purported physician's note incorrectly identifies the name of the clinic).

32:20-23; and (4) communicated directly with a source of supply in Mexico, *see id.* at 12:16-13:18. As the record supports a finding that Defendant was involved in substantial drug trafficking, the Court finds that Defendant poses a significant risk of harm to the community should he engage in continued drug activity. *See United States v. Hawkins*, 617 F.2d 59, 61 (5th Cir. 1980) (affirming pretrial detention where "the risk of continued drug activity by [the defendant] was so high that he is a danger to the community").

Furthermore, the Court finds that Defendant's history and characteristics support the imposition of pretrial detention. *See* 18 U.S.C. § 3142(g)(3)(A)-(B). The record states that Defendant: (1) has "both felony and misdemeanor convictions," which include prior attempts to evade law enforcement and violent felonies, *see* Detention Hr'g Tr. 57:10-21; (2) violated the terms of his supervised release multiple times, *see id.* at 37:24-38:5, 54:20-22, 58:5-6; (3) had his supervised release revoked in a separate action, *see Judgment in a Criminal Case, United States v. Pineda-Diaz*, Case No. 3:17-CR-00396-B(1) (N.D. Tex. Sept. 28, 2017), ECF No. 16; (4) was allegedly involved in purchasing kilogram-quantities of methamphetamine, *see* Detention Hr'g Tr. 8:16-9:15, 15:16-16:24; and (5) was allegedly involved in a conspiracy that resulted in a seizure of five assault rifles, *see id.* at 7:14-17, 31:19-23, 37:3-7. Moreover, Defendant's apparent reliance on a forged physician's note further supports a finding that he is a flight risk. *See* Resp. Ex. 1; *Cf. United States v. Neff*, Crim. A. No. 3:11-CR-0152-L, 2013 WL 30650, at *4 (N.D. Tex. Jan. 3, 2013) (concluding that the defendant is likely to flee based on his prior use of aliases and false identification). Accordingly, the Court finds that Defendant's pattern of criminal conduct, drug use, and prior failure to observe terms of supervised release weigh strongly in favor of pretrial detention. *See United States v. Gardner*, Case No. 16-CR-20135, 2016 WL 2731189, at *3 (E.D.

Mich. May 11, 2016); *United States v. Watts*, NO. 1:07-CR-184(8), 2008 WL 11429581, at *4 (E.D. Tex. Apr. 4, 2008).

Finally, the Court finds "the nature and seriousness of the danger" that the Defendant's release would pose to "any person or the community" supports detaining Defendant without bail. 18 U.S.C. § 3142(g)(4). As noted above, Defendant engaged in substantial drug trafficking, failed to comply with conditions of supervised release, had his supervised release revoked, and was previously convicted for violent felonies. *See* Detention Hr'g Tr. 8:16-9:18, 12:16-13:18, 14:21-16:24, 27:11-28:8, 32:20-23, 40:1-2, 57:10-21. These facts are sufficient to find, by clear and convincing evidence, that Defendant is a danger to the community. *See Daniels*, 2018 WL 620537, at *5. Accordingly, the Court affirms the Magistrate Judge's order of pretrial detention and finds that no condition or set of conditions could reasonably assure that Defendant would not be a threat to the safety of the community if released.[4]

### C. *Due Process*

Furthermore, the Court finds that Defendant's Due Process objections to the Pretrial Detention Order are without merit. *See* Am. Mo. 8-9. It is well-established that the procedures set forth in the Bail Reform Act are constitutional. *See, e.g.*, "[P]retrial detention under the Bail Reform Act does not on its face violate the due-process clause of the Fifth Amendment." *United States v. Hare*, 873 F.2d 796, 800 (5th Cir. 1989) (citing *United States v. Salerno*, 481 U.S. 739, 742 (1987)). Moreover, Defendant has been detained for approximately four months, and he is set for a jury trial on October 26, 2020. *See* ECF No. 140. Thus, pretrial detention is likely to last

---

[4] As "courts have found this factor to be of least importance in the detention determination," *United States v. Akamnonu*, No. 3:12-CR-054-L, 2012 WL 1466557, at *2 (N.D. Tex. Apr. 27, 2012) (citations omitted), and the Court does not need to find all factors satisfied to impose pretrial detention, *see Acosta-Leyva*, 751 F. App'x at 596, the Court does not address the strength of the evidence against Defendant. Regardless, this factor does not weigh in Defendant's favor, as he was intercepted on the wires and observed and photographed conducting drug transactions, *see* Detention Hr'g Tr. 9:10-18, 12:16-13:18, 13:23-14:3, 19:17-23, 21:24-23:8, 27:11-28:8, 32:20-23.

less than twelve months, and "courts have routinely upheld *longer* pre-detentions in the face of constitutional attacks." *United States v. Stanford*, 394 F. App'x 72, 75 (5th Cir. 2010) (emphasis added) (collecting authorities). Finally, Defendant's generalized concerns about COVID-19—which are also based on a potentially forged note from a physician, *see* Mot. 8; Resp. Ex. 1—are insufficient to warrant release. *See United States v. Preston*, No. 3:19-CR-651-K, 2020 WL 1819889, at *4-5 (N.D. Tex. Apr. 11, 2020) (collecting authorities).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Amended Motion to Revoke Detention Order.

**SO ORDERED.**

SIGNED May 26, 2020.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**

7